[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was originally commenced by William T. Palmieri, who died after the commencement of the action. Ann Palmieri, the Executrix of the Estate of William T. Palmieri was substituted as the plaintiff. The plaintiff seeks a declaratory judgment as to rights he claims to have to a pension from the defendant Pension Fund.
The plaintiff, William T. Palmieri ("Palmieri") became a member of Local 478 on May 25, 1954 and worked for employers who contributed to the Pension Fund from 1958 to 1973. The last contributions made on his behalf by such employers for which Palmieri received pension credits were for the plan year 1973. Thereafter, Palmieri became self-employed and failed to earn any pension credits. In 1973 Palmieri was 43 years of age.
By letter dated March 3, 1976, the Administrator of the defendant Pension Fund informed the Plaintiff that he had "been credited with 15 years of Credited Service toward your Pension." By letter dated August 26, 1976, the Administrator informed Palmieri that, "In reviewing our records, we find according to our new rulings, that you are vested as of 1973. You are eligible to take an early retirement at age 55 at a reduced benefit. However at age 62, a normal benefit can be obtained. Since you have accumulated 15 years of service your normal monthly benefit would amount to $150.00 per month."
The pension plan in effect between 1973 and 1976 provided that if a participant failed to have pension credits for two consecutive plan years, a "break-in-service" occurred, which resulted in cancellation of all accrued pension credits. Therefore, the Administrator's statement in the letter of August 26, 1976 to the CT Page 10755 effect that Palmieri's pension was vested was erroneous.
On December 7, 1980 Alpha Crane Service, Inc., a corporation owned and operated by Palmieri and his wife, tendered contributions to the Pension Fund on behalf of Palmieri as an "employee" of that corporation. The Pension Fund rejected the contributions on the basis that Palmieri was not an employee under the provisions of the Taft-Hartley Act and not eligible to participate in the Pension Fund.
By a letter dated June 3, 1986, the Fund Administrator informed Palmieri that his credits had been cancelled under rules existing in 1975. The Administrator informed Palmieri of his right to appeal the decision cancelling his credits. He did not appeal, but instead, instituted this action. In 1990 Palmieri applied for pension benefits. They were denied by the defendant. Palmieri appealed the denial to the Pension Fund Trustees and the appeal was denied on the grounds that the break-in-service which occurred in 1975 had resulted in a cancellation of all of Palmieri's accrued benefits
The defendant is an employee pension fund established in 1958 pursuant to the provision's of Section 302 of the Taft-Hartley Act,29 U.S.C. § 186 to provide pension benefits to operating engineers who are represented by the International Union of Operating Engineers, Local No. 478 (the "Union"). The Union is a labor organization whose employers contributed to the Plan pursuant to collective bargaining agreements. It is a multiemployer pension plan which became subject to the provisions of ERISA on October 1, 1976.
The Plan is administered by a Board of Trustees pursuant to the terms of an Agreement and Declaration of Trust originally adopted in 1958 and amended from time to time thereafter. Under the Agreement and Declaration of Trust, the Board of Trustees have established rules and regulations concerning benefits to be paid to eligible employees, and have broad authority to interpret and apply the terms of the Plan and to decide disputed claims.
The Employee Retirement Income Security Act, "ERISA",29 U.S.C. § 1001 et seq. provides the exclusive remedy for a claim for benefits under the terms of an employee benefit fund and preempts most state statutory and common law claims. 29 U.S.C. § 1144; Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 8 EBC 1409 (1987). CT Page 10756
The defendant claims that the plaintiff lacks standing because. he left "covered" employment in 1973 and, therefore at the time ERISA was adopted in 1974 and at the time he applied for pension benefits in 1990, he was not an employee or former employee entitled to pension benefits under the plan's rules and regulations.
29 U.S.C. § 1132 (a)(1)(B) provides, in pertinent part:
 a civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
The term "participant" is defined as "any employee or former employee of an employer . . . who is or who may become eligible to receive a benefit of any type form an employee benefit plan"29 U.S.C. § 1002 (7). The United States Supreme Court has construed this language as including former employees "who have `a colorable claim' to vested benefits." Firestone Tire Rubber Co. v. Bruch,489 U.S. 101, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989). The existence of the August 26, 1976 letter from the defendant concerning Palmieri's vested pension is sufficient to give him a colorable claim, and therefore he had standing to maintain this action at the time of his death and his Executrix may continue the action on his behalf.
The plaintiff does not dispute that under the terms of the Pension Fund plan, Palmieri did have a break in service as of 1975. However, she claims that the defendant should be estopped from denying pension benefits to Palmieri because it represented that he was vested in 1976, did not notify him until ten years later that the representation was incorrect, and Palmieri relied on the representation to his detriment.
It is well established that ERISA preempts all state law claims relating to employee benefit plans, including claims base on equitable or promissory estoppel. 29 U.S.C. § 1144 (a); Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 95 L.Ed.2d 39
(1987); Kane v. Aetna Life Insurance Co., 893 F.2d 1283 (8th Cir. 1990), cert. den. 111 S.Ct. 232 (1990). The Pilot decision indicated that the federal courts have the authority to develop a body of federal common law to govern issues in ERISA action not CT Page 10757 covered by the Act itself. However, federal courts have been reluctant to create federal common law causes of action under ERISA. Amato v. Western Union International Co., 773 F.2d 2226 (2d Cir. 1985), aff'g in part and rem'g 569 F. Sup. 2718 (S.D.N.Y.); Nachwalter v. Christie, 805 F.2d 956, 960 (11th Cir. 1986).
In Haeberle v. Buffalo Carpenters Pension Fund Trustees,624 F.2d 1132, 1139-40 (2d Cir. 1980), the Second Circuit Court of appeals refused to apply estoppel principles to a claim against the defendant trustees of a multiemployer pension fund based on a representation allegedly made by the Fund's administrator that an employee would be "vested" under ERISA when, in fact, vesting was not possible without further service in covered employment. In Phillips v. Kennedy, 542 F.2d 52 (8th Cir. 1976) the Court declined to apply estoppel against the defendant where the local union official and a fund trustee made assurances to the plaintiff that he would be included in the pension plan. The Court stated:
 The actuarial soundness of pension fund is, absent extraordinary circumstances, too important to permit trustees to obligate the fund to pay pensions to persons not entitled to them under the express terms of the pension plan. (emphasis added) 542 F.2d at 55 n. 8.
In Rosen v. Hotel and Restaurant Employees Bartenders Union of Phila., 637 F.2d 592 (3d Cir. 1981), the Court found that the extraordinary circumstances within the meaning of Phillips existed. In that case a trustee of the plaintiff's pension fund advised the plaintiff that his pension was in jeopardy due to his employer's failure to contribute to the fund. Thereafter the trustee advised the plaintiff of the amounts owed by the employer and the plaintiff paid them in to the pension fund out of his own pocket. The Court held that the payment by the plaintiff constituted tangible detrimental reliance on the statements of the trustee which was sufficient to estop the pension fund from denying the plaintiff a pension.
The court finds that the plaintiff has failed to prove detrimental reliance necessary to estop the defendant from denying his pension. At the time the defendant erroneously advised Palmieri that he had vested pension rights, he had not been employed by a member of the pension fund for two years. Therefore, the plaintiff cannot argue that Palmieri left such employment due CT Page 10758 to his belief that he had vested pension rights. The plaintiff offered no other evidence that Palmieri took or refrained from taking any other action based on such belief. She argues, essentially, that Palmieri's expectation that he would receive a pension from the defendant is the equivalent of reliance on receipt of the pension. However, she has offered no authority that expectation is the equivalent of reliance in these circumstances.
The court has no basis on which to reverse the decision of the Pension Fund Trustees that Palmieri was not entitled to receive a pension from the defendant fund. Judgment is hereby entered in favor of the defendant.
Heffeman Heffeman for plaintiff.
Norman Zolot for defendants.